NICOLE L. and Another, Respondent. (And Two Other Proceedings.) (Appeal No. 1.)—Order unanimously affirmed without costs. Memorandum: Family Court properly determined that the father's consent to the adoptions was not required. Domestic Relations Law § 111 (1) (d) provides that consent to adoption shall be required "[o]f the father, whether adult or infant, of a child born out-of-wedlock and placed with the adoptive parents more than six months after birth, but only if such father shall have maintained substantial and continuous or repeated contact with the child as manifested by: (i) the payment by the father toward the support of the child of a fair and reasonable sum, according to the father's means, and either (ii) the father's visiting the child at least monthly when physically and financially able to do so and not prevented from doing so by the person or authorized agency having lawful custody of the child, or (iii) the father's regular communication with the child or with the person or agency having the care or custody of the child, when physically and financially unable to visit the child or prevented from doing so by the person or authorized agency having lawful custody of the child."

The undisputed evidence shows that the father did not maintain substantial and continuous contact with his two children. He made no attempt to visit or communicate with the children or with the agency having care of the children from the time the children were born on August 23, 1983 and November 30, 1985 until September 1987, when he made his first request for visitation.

We reject the father's contention that the court should have determined the issue under Domestic Relations Law § 111 (2) rather than under section 111 (1) (d).

The record supports Family Court's finding that the adoptions were in the best interests of the children. (Appeal from order of Erie County Family Court, Manz, J.—custody.) Present—Boomer, J. P., Green, Pine, Davis and Lowery, JJ.

■ In the Matter of NICOLE L., an Infant. (Appeal No. 2.)— Order unanimously affirmed without costs. Same memorandum as in *Matter of Sommerville v Erie County Dept. of Social Servs.,* ([appeal No. 1] 163 AD2d 838 [decided herewith]). (Appeal from order of Erie County Family Court, Manz, J.—adoption.) Present—Boomer, J. P., Green, Pine, Davis and Lowery, JJ.

■ In the Matter of ROBIN L., an Infant. (Appeal No. 3.)— Order unanimously affirmed without costs. Same memorandum as in *Matter of Sommerville v Erie County Dept. of Social*

*Servs.,* ([appeal No. 1] 163 AD2d 838 [decided herewith]). (Appeal from order of Erie County Family Court, Manz, J.—adoption.) Present—Boomer, J. P., Green, Pine, Davis and Lowery, JJ.

■ In the Matter of ROBIN L., an Infant. (Appeal No. 4.)— Order unanimously affirmed without costs. Same memorandum as in *Matter of Sommerville v Erie County Dept. of Social Servs.,* ([appeal No. 1] 163 AD2d 838 [decided herewith]). (Appeal from order of Erie County Family Court, Manz, J.—custody.) Present—Boomer, J. P., Green, Pine, Davis and Lowery, JJ.

■ In the Matter of NICOLE L., an Infant. (Appeal No. 5.)— Order unanimously affirmed without costs. Same memorandum as in *Matter of Sommerville v Erie County Dept. of Social Servs.,* ([appeal No. 1] 163 AD2d 838 [decided herewith]). (Appeal from order of Erie County Family Court, Manz, J.—custody.) Present—Boomer, J. P., Green, Pine, Davis and Lowery, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFFAELA FORTE, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted, after a jury trial, of criminal sale and criminal possession of a controlled substance based upon a sale of cocaine to an undercover police officer. On appeal, defendant contends that the evidence was legally insufficient to convict him. He claims that the evidence establishes merely that he was present when the accomplice made the sale to the officer and that there is no evidence to corroborate the accomplice's testimony that the defendant supplied the cocaine for the sale or that he received any money therefrom.

The corroboration required by CPL 60.22 (1) must consist of " 'evidence from an independent source of some material fact tending to show that defendant was implicated in the crime' " *(People v Moses,* 63 NY2d 299, 306, quoting *People v Kress,* 284 NY 452, 460). The independent corroborative evidence need only connect defendant to the commission of the crime; it need not prove that defendant committed it *(see, People v Hudson,* 51 NY2d 233, 238) and need not independently establish each element of the crime *(see, People v Cunningham,* 48 NY2d 938, 940; *People v Edge,* 127 AD2d 889, 890, *lv denied* 70 NY2d 711).

From our review of the record, we conclude that the evidence was legally sufficient. The proof at trial established that the undercover officer went to the home of the accomplice to purchase cocaine; that he had to wait there for the accomplice's "source of supply" to arrive in order to consummate